## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASMINE MALSEED, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION |
| | : | DOCKET NO. 23-01329 |
| PENBROOK BOROUGH, | : | |
| SUSQUEHANNA TOWNSHIP, | : | |
| DAUPHIN COUNTY, OFFICER | : | |
| ISSAC TRITT, SERGEANT | : | |
| AARON OSMAN, AND RYAN | : | |
| LINDSLEY, | : | |
| | : | |
| Defendants. | | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SUSQUEHANNA TOWNSHIP, SERGEANT AARON OSMAN, AND OFFICER RYAN LINDSLEY

Defendants, Susquehanna Township, Sergeant Aaron Osman and Officer Ryan Lindsley (collectively "Answering Defendants") by and through their attorneys, MacMain Leinhauser PC, hereby file this Answer and Affirmative Defenses to Plaintiff's Complaint, ECF 1, denying each and every averment therein, unless expressly, admitted, and state as follows:

1

**Alleged Summary of Civil Rights Case for Alleged Unreasonable Search and Seizure, Alleged Excessive Force and Alleged Municipal Liability**

1.    Denied.  Not all portions of the allegations in this matter were captured on video.  By way of further response, some of the video in this matter was taken by Plaintiff.

2.    Denied.  By way of further denial, Answering Defendant responded to a call for assistance for reports of a female screaming "stop" and things being thrown inside of the residence.

3.    The averments of this paragraph are not directed to Answering Defendants and are thus denied.

4.    Denied.  By way of further denial, it is denied that Answering Defendants "broke" into Plaintiff's home.

5.    The averments of this paragraph are not directed to Answering Defendants and are thus denied.

**Alleged Parties**

6.    Denied.

7.    The averments of this paragraph are not directed to Answering Defendants and are thus denied.

8.    The averments of this paragraph are not directed to Answering Defendants and are thus denied.

9.    Denied.

10.    The averments of this paragraph are not directed to Answering Defendants and are thus denied.

11. – 12.    Denied.

**Alleged Jury Trial Demand**

13.    Denied.  By way of further denial, Answering Defendants hereby demand a trial by jury on all claims of Plaintiff's Complaint (ECF 1) directed to Answering Defendants.

**Alleged Jurisdiction and Venue**

14. – 16.    Admitted only as to This Honorable Court's Jurisdiction and that venue properly lies in the United States District Court for the Middle District of Pennsylvania.  The remaining averments of these paragraphs are denied.

**Alleged Facts**

**Alleged Defendant Officer Tritt Allegedly Kicked in the Door to Ms. Malseed's Home Allegedly Knowing that Doing So Would Allegedly Severely Injure Her; All Officers Allegedly Then Illegally Searched Her House; No Criminal Charges Were Filed**

17. – 18.    Denied.

19.    By way of further denial, the Answering Defendants responded to a call for assistance for reports of a female screaming "stop" and things being thrown inside of the residence.

20.     Admitted in part and denied in part.  It is admitted that a female co-responder named Lydia Hoke responded to the call for assistance.  The remaining averments of this paragraph are denied.

21.     Admitted in part and denied in part.  It is admitted that Plaintiff had video cameras that recorded some of the encounter.  It is denied that Plaintiff's video cameras captured the entire counter with Answering Defendants.

22.     Denied.

23.     Denied.

24. – 27.     The averments of these paragraphs are not directed to Answering Defendants and are thus denied.

28.     Denied.  By way of further denial, it is denied that Answering Defendants knew what actions Officer Tritt would take.

29.     Denied.

30.     The averments of this paragraph are not directed to Answering Defendants and are thus denied.

31. – 32.     The averments of these paragraphs are not directed to Answering Defendants and are thus denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.    Denied.

## Allegedly No Exigent Circumstances Existed
## Justifying a Warrantless Search

37.    Denied.  By way of further denial, Answering Defendants responded to a call for assistance for reports of a female screaming "stop" and things being thrown inside of the residence.

38.    Denied.

39.    Denied.

40.    The averments of this paragraph are not directed to Answering Defendants and are thus denied.

41.    Denied.  By way of further denial, Answering Defendants responded to a call for assistance for reports of a female screaming "stop" and things being thrown inside of the residence.

## The Penbrook Police Department/Penbrook Borough Alleged Warrantless Search and Use of Force Policy

42. – 53.    The averments of these paragraphs are not directed to Answering Defendants and are thus denied.

## [The Remainder of This Page Intentionally Left Blank]

**Alleged Legal Claims**

**Count I:**
**Alleged Section 1983 Claim Against Officer Tritt for Use of Excessive Force in Violation of the Fourth Amendment to the United States Constitution**

54.     This is an incorporation paragraph to which no response pleading is required.  In the event a response is required, the allegations of this paragraph are denied.

55. – 62.     The averments of these paragraphs are not directed to Answering Defendants and are thus denied.

WHEREFORE, Answering Defendants respectfully requests that This Honorable Court enter judgment in their favor and against Plaintiff together with costs, disbursements, attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**Count II:**
**Alleged Section 1983 Claim Against Officer Tritt for Unreasonable Search and Seizure in Violation of the Fourth Amendment to the United States Constitution**

63.     This is an incorporation paragraph to which no response pleading is required.  In the event a response is required, the allegations of this paragraph are denied.

64. – 65.     The averments of these paragraphs are not directed to Answering Defendants and are thus denied.

66.     Denied.

67. – 69.     The averments of these paragraphs are not directed to Answering Defendants and are thus denied.

WHEREFORE, Answering Defendants respectfully requests that This Honorable Court enter judgment in their favor and against Plaintiff together with costs, disbursements, attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**Count III:**
**Alleged Section 1983 Claim Against Sergeant Osman and Officer Lindsley of Unreasonable Seach and Seizure in Violation of the Fourth Amendment of the United States Constitution**

70.     This is an incorporation paragraph to which no response pleading is required.  In the event a response is required, the allegations of this paragraph are denied.

71.     Denied.  By way of further denial, Answering Defendants were not aware and had no warning of the actions Defendant Tritt would take.

72.     Denied.  By way of further denial, Answering Defendants responded to a call for assistance for reports of a female screaming "stop" and things being thrown inside of the residence.

73.     Denied.

74.     Denied.

75.     Denied.

WHEREFORE, Answering Defendants respectfully requests that This Honorable Court enter judgment in their favor and against Plaintiff together with costs, disbursements, attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

**Count IV**
**Alleged Section 1983 Claim Against Penbrook Borough, Susquehanna Township, and Dauphin County for Municipal Liability**

76.    This is an incorporation paragraph to which no response pleading is required.  In the event a response is required, the allegations of this paragraph are denied.

77. – 81.    The averments of these paragraphs are not directed to Answering Defendants and are thus denied.

82.    Denied.

83. – 86.    The averments of these paragraphs are not directed to Answering Defendants and are thus denied.

WHEREFORE, Answering Defendants respectfully requests that This Honorable Court enter judgment in their favor and against Plaintiff together with costs, disbursements, attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## ALLEGED PRAYER FOR RELIEF

Denied.  By way of further denial, it is denied that Plaintiff's rights were violated, and it is denied that Plaintiff is entitled to compensatory damages and/or punitive damages.  It is denied that Plaintiff is entitled to attorneys' fees, costs, expenses, and/or interest.  It is denied that Plaintiff is entitled to any relief.

WHEREFORE, Answering Defendants respectfully requests that This Honorable Court enter judgment in their favor and against Plaintiff together with costs, disbursements, attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES

Answering Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims.  To date, Answering Defendants have not obtained adequate discovery from Plaintiff in connection with this action.   Answering Defendants reserve the right to amend or otherwise supplement this pleading on that basis.  Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Answering Defendants assert the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint (ECF 1) fails to set forth a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of Answering Defendants violated any Constitutional rights of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any improper acts or omissions by Answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiff was a direct and proximate result of Plaintiff's conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by her own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Answering Defendants were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such a claim is limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

## TENTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

## ELEVENTH AFFIRMATIVE DEFENSE

At no time material hereto were Answering Defendants deliberately indifferent to the safety or constitutional rights of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from all or part of the claims set forth in Plaintiff's Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for Plaintiff's health, safety and welfare.

## FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendants did not willfully nor intentionally commit any wrongful act causing injury or damage to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise limited by the terms, provisions, immunities, and defenses set forth in the Pennsylvania Political Subdivision Tort Claims Act. 42 Pa. C.S.A. § 8541 *et seq*.  All defenses therein are incorporated by reference as though fully set forth at length herein.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by Plaintiff, although same are denied by Answering Defendants, resulted solely from Plaintiff's voluntary, intentional and wrongful acts not from any violations of his civil rights by Answering Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Answering Defendants were appropriate under the circumstances and any use of force was reasonable, necessary and justified, and a good faith effort to maintain control and restore order.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At all times material hereto Answering Defendants were not aware of the actions that were taken and/or would be taken by Defendant Officer Tritt.

WHEREFORE, Answering Defendants respectfully requests that This Honorable Court enter judgment in their favor and against Plaintiff together with costs, disbursements, attorney's fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

Respectfully submitted,
**MacMAIN LEINHAUSER PC**

Dated: October 24, 2023          By:   */s/ David J. MacMain*
David J. MacMain
Matthew S. Polaha
Attorney I.D. Nos. 59320 / 320674
433 W. Market Street, Suite 200
West Chester, PA 19382
(o) 484-318-7106
(f) (484) 328-3996
dmacmain@macmainlaw.com
mpolaha@macmainlaw.com
*Attorneys for Defendants*
*Susquehanna Township, Sgt. Aaron*
*Osman, and Officer Ryan Lindsley*

13

## <u>CERTIFICATE OF SERVICE</u>

I, David J. MacMain, Esquire, hereby certify that on this 24th day of

October, 2023, a copy of the foregoing *Answer and Affirmative Defenses of*

*Defendants Susquehanna Township, Sergeant Aaron Osman and Officer Ryan*

*Lindsley* was served upon the following via ECF Notification:

Joseph P Guzzardo, Esquire
Guzzardo & Associates
121 S. Broad Street, Suite 1600
Philadelphia, PA 19107
*Attorney for Plaintiff*

Braden Beard, Esquire
Sarah Austin, Esquire
Johnson & Webbert, LLP
1 Bowdoin Mill Island, Suite 3
Topsham, ME 04086
*Attorneys for Plaintiff, Pro Hac Vice*

Gregory S. Hirtzel, Esquire
Benjamin P. Novak, Esquire
Fowler Hirtzel McNulty & Spaulding, LLP
1860 Charter Lane
Suite 201
Lancaster, PA 17601
*Attorneys for Co-Defendants*
*Penbrook Borough and Officer Issac Tritt*

Respectfully submitted,

**MacMAIN LEINHAUSER PC**

By:    */s/ David J. MacMain*
David J. MacMain
Matthew S. Polaha
Attorney I.D. Nos. 59320 / 320674
433 W. Market Street, Suite 200
West Chester, PA 19382
(o) 484-318-7106
(f) (484) 328-3996
dmacmain@macmainlaw.com
mpolaha@macmainlaw.com
*Attorneys for Defendants*
*Susquehanna Township, Sgt. Aaron*
*Osman, and Officer Ryan Lindsley*

14