UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASMINE MALSEED<br><br>    Plaintiff,<br><br>  v.<br><br>PENBROOK BOROUGH, SUSQUEHANNA TOWNSHIP, DAUPHIN COUNTY, OFFICER ISAAC TRITT, SERGEANT AARON OSMAN AND RYAN LINDSLEY<br><br>    Defendants. | CIVIL ACTION - LAW<br><br>NO. 1:23-CV-01329<br><br>**JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANTS PENBROOK BOROUGH AND OFFICER ISAAC TRITT TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

AND NOW, come Defendants Penbrook Borough and Officer Isaac Tritt ("Answering Defendants"), by and through their undersigned counsel, and answer Plaintiff's Complaint, and set forth affirmative defenses, stating as follows:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. The corresponding paragraph is directed to persons other than Answering Defendants, and as such, no response is required.

{W1719208.1}

7. The corresponding paragraph is directed to persons other than Answering Defendants, and as such, no response is required.

8. Denied.

9. The corresponding paragraph is directed to persons other than Answering Defendants, and as such, no response is required.

10. Admitted.

11. The corresponding paragraph is directed to persons other than Answering Defendants, and as such, no response is required.

12. The corresponding paragraph is directed to persons other than Answering Defendants, and as such, no response is required.

13. Answering Defendants demand a jury by 12.

14. Denied as a legal conclusion.

15. Denied as a legal conclusion.

16. Denied as a legal conclusion.

17. Denied.

18. Upon reasonable investigation, Answering Defendants lack sufficient information to form a belief as to the veracity of the corresponding paragraph.

19. Denied.

20. The corresponding paragraph is directed to persons other than Answering Defendants, and as such, no response is required.

{W1719208.1}

21. Denied insofar as Plaintiff has not produced all video from the day in question, to include the events in the home which precipitated the 911 call.

22. The corresponding paragraph refers to a video which speaks for itself. Any characterization thereof is denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. The corresponding paragraph refers to a video which speaks for itself. Any characterization thereof is denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. The corresponding paragraph refers to a video which speaks for itself. Any characterization thereof is denied.

34. Denied.

35. Denied.

36. Denied.

{W1719208.1}

37. Denied. This allegation ignores Answering Defendants' prior experience at this location, their knowledge of prior incidents of domestic violence at this residence, and their knowledge that this location was associated with a violent convicted felon, and the 911 call.

38. Denied.

39. Denied.

40. Denied. This allegation ignores Answering Defendants' prior experience at this location, their knowledge of prior incidents of domestic violence at this residence, and their knowledge that this location was associated with a violent convicted felon, and the 911 call.

41. Denied as a legal conclusion.

42. Admitted.

43. Admitted.

44. Denied.

45. The corresponding paragraph refers to a writing that speaks for itself. Any characterization thereof is denied.

46. The corresponding paragraph refers to a writing that speaks for itself. Any characterization thereof is denied.

47. Denied.

48. The corresponding paragraph refers to a writing and video, which speaks for themselves. Any characterization thereof is denied.

49. Denied.

50. Denied.

51. The corresponding paragraph refers to a writing that speaks for itself. Any characterization thereof is denied.

52. Admitted.

53. Denied.

## Legal Claims

### Count I
### Section 1983 Claim against Office Tritt – Excessive Force

54. The foregoing paragraphs of this legal paper are reincorporated.

55. Denied.

56. Denied.

57. The corresponding paragraph refers to a video that speaks for itself. Any characterization thereof is denied.

58. Denied.

59. Denied.

60. Denied as a legal conclusion.

61. Denied as a legal conclusion.

62. Denied.

{W1719208.1}

## Legal Claims

### Count II
### Section 1983 Claim against Office Tritt – Unreasonable Search And Seizure

63. The foregoing paragraphs of this legal paper are incorporated by reference.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

### Count III

### Section 1983 Claim against Sgt. Osman and Ofc. Lindsley

70.– 75. The corresponding paragraph is directed to persons other than Answering Defendants, and as such, no response is required.

### Count IV

### Monell Claims

76. The foregoing paragraphs of this legal paper are incorporated by reference.

77. Denied.

78. Denied.

{W1719208.1}

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Answering Defendants are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

Penbrook Borough does not have any pattern, practice, custom, or training which contributed to any constitutional violation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was not seized within the meaning of the Fourth Amendment.

### FOURTH AFFIRMATIVE DEFENSE

Entry into the home was permissible under Georgia v. Randolph, 547 U.S. 103, 118-19 (2006).

## FIFTH AFFIRMATIVE DEFENSE

Officer Tritt had substantial reason to believe that one of the parties to a domestic dispute was in danger.

## SIXTH AFFIRMATIVE DEFENSE

Exigent circumstances justified entry into Plaintiff's home.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants' conduct at all times material was reasonable under the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants did not act in any manner justifying the imposition of punitive damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff attempted to prevent Officer Tritt from lawfully entering the home.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct, and not any conduct of Answering Defendants, caused any and all humiliation, embarrassment, injuries, and/or damages arising from this incident.

## ELEVENTH AFFIRMATIVE DEFENSE

This incident did not significantly affect Plaintiff's self-confidence, dignity, or personal well-being.

{W1719208.1}

**TWELFTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff, and/or those in privity with Plaintiff, failed to preserve evidence relevant to the claims set forth in Plaintiff's Complaint, and therefore have engaged in spoliation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to set forth a claim on which relief can be granted.

**FOURTEENTH AFFIRMATIVE DEFENSE**

No action or omission of Answering Defendant violated any constitutional right of Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff assumed the risk of Plaintiff's own conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**

At no time was any Answering Defendant deliberately indifferent to the rights of Plaintiff.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Answering Defendants are immune from Plaintiff's claims.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the actions of Answering Defendants were appropriate under the circumstances and any use of force was reasonable,

{W1719208.1}

necessary and justified, and a good faith effort to maintain control and restore order.

                                         **RESPECTFULLY SUBMITTED,**

                                         **FOWLER HIRTZEL MCNULTY & SPAULDING, LLC**

Date: March 25, 2024          By: _____
                                            Benjamin P. Novak, Esq. (ID #326182)
                                              1860 Charter Lane, Suite 201
                                            Lancaster, PA 17601
                                            Phone: (717) 696-0551
                                            Fax: (717) 229-1239
                                            bnovak@fhmslaw.com
                                            Attorneys for Defendants, Penbrook Borough and Officer Isaac Tritt

{W1719208.1}

## **CERTIFICATE OF SERVICE**

I, Mallori A. Beiler, employee of Fowler Hirtzel McNulty & Spaulding, LLC do hereby state that a true and correct copy of the foregoing document was sent via electronic mail upon the following individual(s) on the date set forth below:

Joseph P. Guzzardo, Esquire
Guzzardo & Associates, LLC
121 S. Broad Street, Suite 1600
Philadelphia, PA 19107
jguzzardo@guzzardolaw.com
*Counsel for Plaintiff*

Braden A. Beard, Esquire
Sarah K. Austin
Johnson & Webbert, LLP
1 Bowdoin Mill Island, Suite 300
Topsham, ME 04086
bbeard@work.law
saustin@work.law
*Counsel for Plaintiff*

David J. MacMain, Esquire
Matthew S. Polaha, Esquire
MacMain Leinhauser PC
433 W. Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
mpolaha@macmainlaw.com
*Counsel for Defendants, Susquehanna Township, Sgt. Aaron Osman and Ryan Lindsley*

{W1719208.1}

**FOWLER HIRTZEL McNULTY<br>& SPAULDING, LLC**

Date:  March 25, 2024	By: *Mallori A. Beiler*
	Mallori A. Beiler, Paralegal
	1860 Charter Lane, Suite 201
	Lancaster, PA 17601-5865
	(717) 553-2600 ext. 306

{W1719208.1}