

1860 Charter Lane
Suite 201
Lancaster, PA 17601-5865
P (717) 553-2600
www.fhmslaw.com

Benjamin P. Novak
Partner
Direct Dial: (717) 696-0551
Cell: (814) 769-0846
Fax: (717) 229-1239
E-mail: bnovak@fhmslaw.com

June 27, 2024

<u>VIA ECF</u>

Christopher C. Conner
United States District Judge
Middle District of Pennsylvania
1501 N 6th St,
Harrisburg, PA 17102

      **RE:**    **Malseed v. Penbrook Borough et al**
              **No. 1:23-cv-01329**
              **Discovery Dispute**
              <u>**Objections to Proposed** **Subpoena to Malik Warren**</u>

Dear Judge Conner,

This office represents Defendants Isaac Tritt and Penbrook Borough in connection with the above-referenced matter. I write in connection with a new discovery dispute between Plaintiff and my clients. On June 19, 2024, the undersigned wrote to all counsel and notified them that the undersigned intended to serve a subpoena to testify at a deposition on Malik Warren. Plaintiff's counsel advised today that Plaintiff objected to the subpoena. The undersigned views this deposition as extremely important, and therefore is seeking the Court's help to resolve this dispute.

To briefly explain the basis for the request, the defense is seeking to depose Mr. Warren as a fact witness. For context, this is a § 1983 claim involving Officer Tritt making entry into Ms. Malseed's residence on 8/10/21. The police had been dispatched to an ongoing domestic violence situation at Plaintiff's residence. Ms. Malseed answered the door completely naked, with only a blanket to cover her front side. When she refused to put on clothes and step out and speak with the police, Officer Tritt kicked in the door and made entry. Plaintiff testified at her deposition that Mr. Warren and her were arguing that morning, but that there was nothing physical. Plaintiff testified that, based on the security camera footage, Mr. Warren was on the front porch of her house until approximately 30 seconds before the police arrived. The next door neighbor, Patty Seaman, who

Christopher C. Conner
June 27, 2024
Page 2

called 911 to report the domestic violence, testified that there was significant violence happening next door, that there were sounds of a person being thrown into things, and a woman saying "stop," that her house was shaking, and that the shaking was so bad that it caused a pitcher to fall off a shelf. Ms. Seaman also testified that a woman could be heard saying "get off." Officer Tritt noted in his police report that a neighbor said that a female could be heard saying "get off." Throughout the course of this lawsuit, Plaintiff has taken the position that Officer Tritt falsified this part of his report. Moreover, during the deposition of Ms. Seaman, Plaintiff's counsel attacked her credibility significantly and suggested that she was fabricating testimony and/or unable to remember accurately. Moreover, there is a very significant issue in this case about whether Plaintiff was clothed before police arrived at her house, and only removed her clothes in an effort to deter the police from investigating the report of domestic violence. Plaintiff's mother Cindy Larry, who is the only person who has seen the security footage (which conveniently was not preserved) of Ms. Malseed's interactions with Mr. Warren on the morning of the incident, testified that she was unsure whether Plaintiff was clothed, but she thought she would have remembered if Plaintiff was naked in that video. Thus, the undersigned believes that Malik Warren's deposition is reasonably calculated to lead to relevant evidence. It will be relevant for purposes of challenging or supporting the credibility of Plaintiff, Cindy Larry, and Patty Seaman. In particular, Plaintiff denies that there was actual physical violence. Ms. Seaman says there was. Mr. Warren's testimony will shine light on this. It will be relevant for purposes of challenging or supporting whether the statement "get off me" was said in the home on the date of the incident, or whether it was a fabrication, as Plaintiff argues. It will be relevant for determining whether Plaintiff was clothed prior to the arrival of the police.

Moreover, Defendant has taken three depositions, which combined for two days. Plaintiff has so far taken three depositions, started a fourth, and requested a fifth and sixth deposition, which are scheduled for the end of July. All of Plaintiff's depositions have been, and are anticipated to be, scheduled for the full day. The undersigned's request for a fourth deposition which will likely take 2-3 hours is not unduly burdensome.

For these reasons, the undersigned would request that the Court convene a conference to resolve this dispute. For purposes of scheduling, the undersigned will not be available until the week of July 8, 2024 due to vacation. I remain,

Very truly yours,

Benjamin P. Novak

CC all counsel of record via ECF.

{W1766884.1}