

1860 Charter Lane
Suite 201
Lancaster, PA 17601-5865
P (717) 553-2600
www.fhmslaw.com

Benjamin P. Novak
Partner
Direct Dial: (717) 696-0551
Cell: (814) 769-0846
Fax: (717) 229-1239
E-mail: bnovak@fhmslaw.com

July 9, 2024

<u>*VIA ECF ONLY*</u>

| | |
|---|---|
| Christopher C. Conner | William I. Arbuckle |
| United States District Judge | United States Magistrate Judge |
| Middle District of Pennsylvania | Middle District of Pennsylvania |
| 1501 N 6th St, | 240 W 3rd St, |
| Harrisburg, PA 17102 | Williamsport, PA 17701 |

RE:  Malseed v. Penbrook Borough et al
    No. 1:23-cv-01329
    Discovery Dispute at ECF Nos. 85, 88, 89.
    <u>Response to ECF no. 89</u>

Dear Judges Conner and Arbuckle,

This office represents Defendants Isaac Tritt and Penbrook Borough in connection with the above-referenced matter. I write in connection with an ongoing discovery dispute between Plaintiff and my clients, as set forth fully in ECF nos. 85, 88, and 89. Specifically, the purpose of this correspondence is to reply to several arguments raised in the seven-page, single space, letter filed by Plaintiff at ECF no. 89.

First, Plaintiff's argument is directed at a straw man. Plaintiff argues that Malik Warren's testimony will be irrelevant to whether Officer Tritt had probable cause to kick in the door. Even if that is true, liability is not the only issue in the case. Also at issue are damages. Plaintiff is seeking compensation for embarrassment, humiliation, etc. Plaintiff is seeking punitive damages against Officer Tritt. Additionally, my clients have asserted a number of affirmative defenses including a tenth defense that "Plaintiff's own conduct, and not any conduct of Answering Defendants, caused any and all humiliation, embarrassment . . ." The undersigned is attempting to develop discovery on these issues. Plaintiff has a history (which she denied at her deposition) of using a state of undress to deter police investigations. Certainly, the jury would be entitled to know, in evaluating what is reasonable compensation for Plaintiff's humiliation, etc., whether Plaintiff was clothed prior to the arrival of the police, and then, in an effort to deter the police, removed all

Christopher C. Conner; William I. Arbuckle
July 9, 2024
Page 2

her clothes and made a decision to answer the door naked. That is a categorically different situation than if Plaintiff was, as she claims, simply lounging about her home naked. Further, in assessing whether punitive damages are appropriate, the jury must know whether Plaintiff was clothed, and then chose to create a situation where she would present herself naked to officers at the front door. Additionally, in assessing how much of Plaintiff's embarrassment and humiliation was caused by her own conduct, the jury is entitled to know if Plaintiff was clothed, and then, instead of answering the door clothed, like most reasonable people, chose to answer the door naked. All of these inquires are relevant, and Malik Warren's testimony would bear upon them.

Second, Plaintiff complains that testimony which will bear on her credibility is burdensome, oppressive, and embarrassing to her. Perhaps then she should not have filed a lawsuit and put her credibility at issue. Plaintiff's counsel act as though the defense is obligated to accept everything Plaintiff says at face value, and further seek to prevent the defense from obtaining testimony that would bear upon some very questionable aspects of her testimony. For example, Plaintiff testified that on the date of the incident, she woke up naked, spent 2-3 hours disputing with Malik Warren, while naked, and then lounged about her house while naked until police arrived. Such conduct is not typical, and reasonable people might question it, especially since Cindy Larry couldn't remember if Plaintiff was naked, and thought she would remember if she was. Another questionable aspect of Plaintiff's testimony was her wholesale denial of a police report indicating that, during a March 31, 2021 incident (several months before the subject incident) she lied to police about her age to deter their investigation and claimed that she could not be detained due to being in a state of undress. Certainly, the defense is entitled to explore through discovery how credible Plaintiff's wholesale denial was. Other examples could be given, but the foregoing suffice to show that Plaintiff's credibility—with respect to matters on the date of the incident and months before—is at issue and a legitimate subject of discovery.

Third, Plaintiff's counsel are inappropriately attempting to demand offers of proof in connection with a discovery deposition so that they can determine whether the questioning is to their liking, and if not, go to the Court to demand limitations. But this is discovery, not a trial. Opposing counsel are not entitled to a preview of the questioning at every deposition, nor are they entitled to know the undersigned's strategy beforehand. If Plaintiffs obtain the relief they seek, it would create perverse incentives for lawyers to querulously object to as many depositions as possible, so as to gain insight into the questioning that may be conducted therein.

Fourth, and finally, Plaintiff's counsel spent *seven* pages, single space, to complain about how much of a waste of resources, and how burdensome, a 2-3 hour deposition would be. One wonders whether writing this missive took longer than Mr. Warren's 2-3 hour deposition will. Plaintiff has, or will, take seven depositions, all of which have been, or are, scheduled for a whole day. Plaintiff's complaints ring hollow.

Benjamin P. Novak

{W1771408.1}