IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASMINE MALSEED, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : CIVIL ACTION |
| | : DOCKET NO. 23-01329 |
| PENBROOK BOROUGH, | : |
| SUSQUEHANNA TOWNSHIP, | : |
| OFFICER ISSAC TRITT, | : |
| SERGEANT AARON OSMAN, | : |
| AND RYAN LINDSLEY, | : |
| | : |
| Defendants. | : |

**REPLY IN SUPPORT OF DEFENDANT SUSQUEHANNA TOWNSHIP'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF 71)**

Defendant, Susquehanna Township (hereinafter "Moving Defendant" or "Susquehanna") by and through its attorneys, MacMain Leinhauser PC, hereby files this Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint (ECF 71) and state as follows.

Susquehanna's Motion, ECF 76, should be decided pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c). Susquehanna's Motion is procedurally proper and should be granted because Plaintiff failed to put forth a sufficient argument as to why her boilerplate and inadequately pled *Monell* claim against Susquehanna Township should not be dismissed.

1

Plaintiff's Brief in Opposition, ECF 87, ("Plaintiff's Brief") tries to sneak in facts that are not contained in the Amended Complaint and should be disregarded as Plaintiff is not permitted to add facts to the Amended Complaint through a Brief in Opposition. Despite the foregoing, Plaintiff's improper facts are not a violation, and more importantly, are not in the Amended Complaint. As such the Amended Complaint should be dismissed.

Regardless of ongoing discovery in this case, the question before the Court is whether Plaintiff's Amended Complaint, as written, states a claim for relief. Susquehanna Township rightly claims that Plaintiff's Amended Complaint does not plead a sufficient claim for *Monell* liability, and it should therefore be dismissed.

I. **ARGUMENT**

   A. **The Court May Render a Decision on Susquehanna's Motion Pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c)**

Susquehanna disagrees that it waived its right to file a Motion to Dismiss the Amended Complaint based on its prior Answer to the Complaint. By granting Plaintiff leave to file an Amended Complaint, This Honorable Court did not reject Susquehanna's arguments in its later filed Motion to Dismiss because the Court was rendering a decision on a Fed. R. Civ. P. 15 Motion. Furthermore, Susquehanna is not required to litigate its Motion via email and may properly rely upon This Honorable Court to render a decision on the Motion.

The U.S. District Court for the Western District of Pennsylvania recently found that a Fed. R. Civ. P. 12(b)(6) may be made at any time during the case to include trial. *See Shimmel v. Navistar Int'l Corp.*, 440 F. Supp. 3d 438, 444 (W.D. Pa. 2020) (citing Fed. R. Civ. P. 12(h)(2)). When presented with a Fed. R. Civ. P. 12(b)(6) Motion under similar circumstances, the *Shimmel* Court determined the Motion to Dismiss to be timely because the case had not proceeded through trial but considered the Motion under Fed. R. Civ. P. 12(c). *See Shimmel*, 440 F. Supp. 3d at 444. Further, "courts in this Circuit have held that a motion to dismiss under Rule 12(b)(6) made after an answer has been filed may be treated, in the court's discretion, as a rule 12(c) motion for judgment on the pleadings." *Internet Prods. LLC v. LLJ Enters.*, No. 18-15421 (RBK/AMD), 2020 U.S. Dist. LEXIS 220090, at *7-8 (D.N.J. Nov. 24, 2020) (*citing Tr. Of Univ. of Penn. v. Mayflower Transit, Inc.*, No. 97-1111, 1997 U.S. Dist. LEXIS 14577, 1997 WL 598001, at *1 (E.D. Pa. Sept. 16, 1997) and *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 36 (E.D. Pa. 1990)). The Court in *Internet Prods.* also chose to exercise its discretion and treat the Motion to Dismiss as a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). *Internet Prods. LLC v. LLJ Enters.*, No. 18-15421 (RBK/AMD), 2020 U.S. Dist. LEXIS 220090, at *7-8 (D.N.J. Nov. 24, 2020) ("Accordingly, the Court chooses to exercise its discretion and will convert Defendants' Motion to Dismiss to a Motion for Judgment on the Pleadings."). Regardless of which Rule

3

is used, 12(b)(6) or 12(c), the same standard applies. *See Shimmel v. Navistar Int'l Corp.*, 440 F. Supp. 3d 438 (W.D. Pa. 2020) (citing *Turbe v. Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)); *see also Internet Prods. LLC v. LLJ Enters.*, No. 18-15421 (RBK/AMD), 2020 U.S. Dist. LEXIS 220090, at *7-8 (D.N.J. Nov. 24, 2020).

Furthermore, Plaintiff's claim regarding waiver of Fed. R. Civ. P. 12(b) asks too much. In support of her arguments that Susquehanna waived its 12(b) defenses, Plaintiff cites to a number of persuasive authority outside Third Circuit jurisdiction. *See* ECF 87 at 6-7 (citing cases from E.D. Mich., S.D. Cal. And N.D. Cal.). However, the cases cited above by Susquehanna easily state Rule 12(b) Motions can be decided under Rule 12(c). Should This Honorable Court determine that Susquehanna waived its right to file a Fed. R. Civ. P. 12(b)(6) Motion, This Honorable Court should decide Susquehanna's Motion pursuant to Fed. R. Civ. P 12(c) as did the Courts in *Shimmel* and *Internet Prods*. Moreover, Susquehanna is the only Defendant that has not answered the Amended Complaint, so if its Motion to Dismiss is denied, it can just as easily Answer the Amended Complaint and refile its Motion to Dismiss as a Motion for Judgment on the Pleadings and the same standard would be applied as in a Fed. R. Civ. P. 12(b)(6) Motion.

In short, Plaintiff's argument is 'form over substance' essentially arguing that Defendants motion is premature, but not offering any argument contesting that

4

her boilerplate *Monell* claim falls woefully short of what is required to at least assert a viable claim.

Despite Plaintiff's baffled understanding, Rule 12 permits the filing of Motion until the time of trial, which suggests that it can occur even though discovery that has taken place. It seems illogical that the Federal Rules would allow for dismissal of a Complaint during discovery but then deny a Motion for such relief because of ongoing discovery. Accordingly, Susquehanna's Motion is properly before the Court and if it cannot be decided pursuant to Fed. R. Civ. P. 12(b)(6), Susquehanna respectfully requests This Honorable Court exercise its discretion and decide Susquehanna's Motion pursuant to Fed. R. Civ. P. 12(c).

**B.     Discovery Exchanged is Not a Reason to Deny Defendant's Motion**

This Honorable Court should not deny Susquehanna' Motion based on discovery exchanged. Plaintiff argues the exchange of discovery to date and the depositions completed/in progress warrant denial of Susquehanna's Motion. However, discovery completed to date is not prejudicial because the Amended Complaint was only filed in early May, Plaintiff's Fed. R. Civ. P. 30(b)(6) Notice of Deposition to Susquehanna largely mirror's Plaintiff's Requests for Production directed to Susquehanna, and Plaintiff can still take the deposition of a

5

representative from Susquehanna via subpoena.[1]  Also, the Parties extended discovery until September 2024 to allow for additional depositions in late July.

Plaintiff will not be prejudiced if Susquehanna is dismissed.  Plaintiff's offensive discovery against Susquehanna also included the individually named Susquehanna Officers Osman and Lindsley.  Susquehanna's offensive discovery was sent on behalf of Susquehanna, Sgt. Osman and Ofc. Lindsley.  As such, Plaintiff's written discovery and responses to discovery were not in vain.  Nothing is lost on Plaintiff's efforts if Susquehanna is dismissed as a Defendant.

Accordingly, the discovery completed to date does not change the claims of the Amended Complaint and it should therefore be dismissed.

### C. Plaintiff's Municipal Liability Claim Against Susquehanna Fails

Plaintiff's substantive argument in opposition to Susquehanna's Motion fails as all references to facts from discovery should not be considered because a Plaintiff cannot assert new facts in  Brief in Opposition.  *See Kinch v. Caulfield*, No. 2:23-cv-02076-BRM-JSA, 2024 U.S. Dist. LEXIS 69832, at *6-7 (D.N.J. Apr. 17, 2024) (citing cases to include *Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) and  *Nesgoda v. Lewistown Valley Enters.*, Civ. A. No. 18-00158,

---

[1] Plaintiff's counsel also states that the parties have engaged in oral arguments and conferences with the Court, which is in regard to the ongoing discovery dispute over Plaintiff's school records.  However, according to Plaintiff's counsel, Susquehanna Defendants allegedly did not participate in that dispute.  *See* ECF 78 at § II (containing Plaintiff's Reply in Support of Motion for Protective Order).

2018 U.S. Dist. LEXIS 191377, 2018 WL 6313617, at *1 n.2 (M.D. Pa. Nov. 7, 2018) ("[Plaintiff] raises additional facts in his briefs in opposition to the motions to dismiss and in additional documents filed with the Court, but the Court will limit its analysis of the motion to dismiss to the allegations set forth in the complaint. . . ."); *Die Casters Int'l v. United States*, Civil Action No. 08-cv-4402 (PGS), 2009 U.S. Dist. LEXIS 90541, at *12 (D.N.J. Sep. 29, 2009) (finding Plaintiff's arguments in opposition to a Motion to dismiss failed because it was based facts not pled in the complaint, but rather introduced through a brief.  See also *Love v. Dep't of Corr.*, Civil Action No. 13-1050 (SDW), 2014 U.S. Dist. LEXIS 1010, at *9 n.2 (D.N.J. Jan. 6, 2014) (citing *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2003) ("[A]n amended complaint must name all defendants, assert facts stating a claim against each defendant, and must otherwise be complete in and of itself.").  Plaintiff's attempt to assert facts learned in discovery does not overcome the fact that the Amended Complaint, which is what is being evaluated for dismissal, is deficient and fails to state a claim.

     Plaintiff's Brief in Opposition does not overcome the fact that her Amended Complaint is deficient and fails to state a claim for *Monell* liability.  In addition to the incident at issue, the Amended Complaint adds facts regarding one alleged prior encounter between Plaintiff and officers from Susquehanna on March 31, 2021.  That reference is without merit because that event, despite Plaintiff's beliefs

was never found to be violation, and it is too late to claim those actions as a violation of Ms. Malseed's rights and/or in support of *Monell*.  Plaintiff should come forward with actual violations.  However, Plaintiff cannot, and the improper discovery cited by Plaintiff has demonstrated such.  Despite Plaintiff's claim regarding an allegedly unconstitutional policy of deferring to Penbrook, Plaintiff's Amended Complaint only raised one alleged occurrence of such actions that is insufficient to support a *Monell* claim.  Outside of her own gripe against Susquehanna, Plaintiff's Amended Complaint is empty with regard other violations by Susquehanna.

     Even if the Court considers the facts learned in discovery about Susquehanna, those improperly cited facts support dismissal and hardly state a claim for municipal liability against Susquehanna.  Specifically, Plaintiff's Brief claims Susquehanna supported Penbrook Borough Police department on 538 calls from 2019 to 2021 that includes 202 calls in 2021.  *See* ECF 87 at 12.  Despite the number of times Susquehanna allegedly assisted Penbrook, Plaintiff only puts forth two (2) instances of alleged violations by Susquehanna.  Therefore, Plaintiff's Amended Complaint fails to state a claim for *Monell* liability as the Amended Complaint is empty with regard other violations by Susquehanna.

## II.  CONCLUSION

For the reasons set forth above, and the reasons set forth in Moving Defendant's Brief in Support of its Motion to Dismiss, ECF 77, Susquehanna Township respectfully requests This Honorable Court dismiss Plaintiff's Amended Complaint, ECF 71, in its entirety, *with prejudice*, for failure to state a claim upon which relief may be granted.

Respectfully submitted,

**MacMAIN LEINHAUSER PC**

Dated: July 10, 2024                    By:   */s/ David J. MacMain*
                                              David J. MacMain
                                              Matthew S. Polaha
                                              Attorney I.D. Nos. 59320 / 320674
                                              433 W. Market Street, Suite 200
                                              West Chester, PA 19382
                                              (o) 484-318-7106
                                              (f) (484) 328-3996
                                              dmacmain@macmainlaw.com
                                              mpolaha@macmainlaw.com
                                              *Attorneys for Defendants*
                                              *Susquehanna Township, Sgt. Aaron*
                                              *Osman, and Officer Ryan Lindsley*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, David MacMain, Esq., hereby certify that the foregoing, *Reply in Support of Defendant Susquehanna Township's Motion to Dismiss Plaintiff's Amended Complaint (ECF 71)* complies with M.D. Pa. Local Rule 7.8 (b)(2)'s word limitation of 5,000 words, excluding the captions, signature blocks, and certificates, but including footnotes. This Reply contains 1828 words as calculated by Microsoft Word.

          Respectfully submitted,

          **MacMAIN LEINHAUSER PC**

Dated: July 10, 2024    By:   */s/ David J. MacMain*
          David J. MacMain
          Matthew S. Polaha
          Attorney I.D. Nos. 59320 / 320674
          433 W. Market Street, Suite 200
          West Chester, PA 19382
          (o) 484-318-7106
          (f) (484) 328-3996
          dmacmain@macmainlaw.com
          mpolaha@macmainlaw.com
          *Attorneys for Defendants Susquehanna Township, Sgt. Aaron Osman, and Officer Ryan Lindsley*

# CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 10th day of July 2024, a copy of the foregoing *Reply in Support of Defendant Susquehanna Township's Motion to Dismiss Plaintiff's Amended Complaint (ECF 71)* was served upon the following via ECF:

Joseph P Guzzardo, Esquire
Guzzardo & Associates
121 S. Broad Street, Suite 1600
Philadelphia, PA 19107
*Attorney for Plaintiff*

Braden Beard, Esquire
Johnson & Webbert, LLP
1 Bowdoin Mill Island, Suite 3
Topsham, ME 04086
*Attorneys for Plaintiff, Pro Hac Vice*

Gregory S. Hirtzel, Esquire
Benjamin P. Novak, Esquire
Fowler Hirtzel McNulty & Spaulding, LLP
1860 Charter Lane
Suite 201
Lancaster, PA 17601
*Attorneys for Co-Defendants Penbrook Borough and Officer Issac Tritt*

Respectfully submitted,

**MacMAIN LEINHAUSER PC**

By: */s/ David J. MacMain*
David J. MacMain
Matthew S. Polaha
Attorney I.D. Nos. 59320 / 320674
433 W. Market Street, Suite 200
West Chester, PA 19382
(o) 484-318-7106
(f) (484) 328-3996
dmacmain@macmainlaw.com
mpolaha@macmainlaw.com
*Attorneys for Defendants Susquehanna Township, Sgt. Aaron Osman, and Officer Ryan Lindsley*