IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASMINE MALSEED,** | : | CIVIL ACTION NO. 1:23-CV-1329 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **PENBROOK BOROUGH,** *et al.*, | : | |
| | : | |
| Defendants | : | |

# **ORDER**

AND NOW, this 29th day of July, 2024, upon consideration of plaintiff Jasmine Malseed's motion (Doc. 64) for a protective order pursuant to Federal Rule of Civil Procedure 26(c),[1] and further upon consideration of the parties' briefs in support thereof and in opposition thereto, (see Docs. 69, 72, 74, 78), wherein Malseed argues that, *inter alia*, her education records are not relevant to any claims or defenses in this case, (see Doc. 69 at 9-19; see also id. at 18 (noting she amended her complaint and removed certain claims to negate any potential relevance)), and wherein defendants Penbrook Borough and Officer Isaac Tritt contend that Malseed's high school records relating to her grades, attendance, and disciplinary history are relevant because they "could bear on" her non-economic damages and credibility, (see Doc. 72 at 5-15 (quoting Schiavone v. Luzerne County, 343 F.R.D.

---

[1] On June 11, 2024, the court conducted a telephone conference with the parties to resolve issues that arose during Malseed's deposition. (See Doc. 81). The court instructed defense counsel to state the contested questions on the deposition record and that Malseed need not answer them for now but may be deposed in the future if the court denies her pending motion. The court further instructed Malseed's counsel to subpoena the education records and submit them to the court for *in camera* review.

34, 38 (M.D. Pa. 2023))), and wherein defendants Susquehanna Township, Sergeant Aaron Osman, and Officer Ryan Lindsley assert that Malseed's education records should be produced because she was in high school at the time of incident and any impact on her school performance may shed light on her claims that she experienced subsequent difficulties at work, (see Doc. 74 at 2-5),[2] and the court observing Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," FED. R. CIV. P. 26(b)(1); see also id. (information "need not be admissible in evidence to be discoverable"), and that "the federal rules allow broad and liberal discovery," see Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999), but that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," see FED. R. CIV. P. 26(c)(1), and, following an *in camera* review of Malseed's education records, the court observing that they comprise limited academic records, standardized test scores, and brief descriptions of minor disciplinary actions some of which resulted in detention, none of which implicate the claims or defenses in the underlying matter, insofar as Malseed's amended complaint contains no allegations that defendants' conduct impacted her academic performance, attendance, or disciplinary history, (see Doc. 71), and the court concluding that, to the extent the records have any, limited relevance, there is good

---

[2] Malseed argues that this claim is substantively false because she was out of high school when the incident in question occurred. (See Doc. 78 at 9). Our *in camera* review of Malseed's education records confirms that she had been out of high school for more than a year at the time of the incident.

cause to protect them from disclosure due to Malseed's legitimate privacy interests, as recognized in the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g; see Lei Ke v. Drexel Univ., No. 11-6708, 2014 WL 1100179, at *5 (E.D. Pa. Mar. 20, 2014) (collecting cases and explaining that courts may need to limit disclosure of relevant documents given "the strong public policy of protecting the privacy of student records" embodied in FERPA), it is hereby ORDERED that:

1. Malseed's motion (Doc. 64) for a protective order is GRANTED.

2. Defendants may not subpoena Malseed's education records and may not inquire into matters relating to said records during any witness's deposition or trial testimony.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Court
Middle District of Pennsylvania